IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY REDENIUS,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security<br><br>    Defendant.<br>_____/ | No. 3:11-CV-03400-JSW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

Now before the Court is the motion for summary judgment filed by Plaintiff Randy Redenius ("Redenius") and the cross-motion for summary judgment filed by Defendant, the Commissioner of Social Security (the "Commissioner"). Pursuant to Civil Local Rule 16-5, the motions have been submitted on the papers without oral argument. Having carefully reviewed the administrative record, the parties' papers, and relevant authority, the Court hereby DENIES Redenius' motion for summary judgment and GRANTS the Commissioner's cross-motion for summary judgment.

**BACKGROUND**

1    Redenius brings this action pursuant to 42 U.S.C. § 405(g) and seeks judicial review of
2 the Commissioner's decision to deny his claim for disability insurance benefits. Redenius
3 claims that a hip replacement and revision limit his ability to work due to problems with
4 walking, traveling, and chronic pain. (Administrative Record ("AR") at 60.) Redenius received
5 treatment at the Veteran's Administration Medical Center ("VA") in San Francisco from
6 January 1, 1996 through October 1, 2001. (AR at 18.) This included treatment for weight gain,
7 hip pain, a minor rash, an arm infection, "upper extremity complaints[,]" minor discomfort in
8 his right thigh after a fall, and an infected finger laceration. (*Id.*) Redenius' hip replacement
9 surgery took place in 1989. (*Id.*) Redenius claims he underwent a hip revision surgery in 2004.
10 (AR at 19.) However, the record contains no supporting medical documents regarding the hip
11 revision. (*Id.*)

12    On January 10, 2007, Redenius filed an application for disability insurance benefits,
13 claiming that he became disabled on January 1, 1998. (AR at 15.) The claim was denied on
14 March 2, 2007, and denied again upon reconsideration on April 11, 2007. (*Id.*) On August 25,
15 2007, Redenius filed a request for a hearing before an Administrative Law Judge ("ALJ"). (*Id.*)

16    On May 28, 2008, Redenius appeared and testified at a hearing before ALJ Gary J. Lee.
17 (*Id.*) In his decision, dated September 25, 2008, the ALJ found that Redenius had sufficient
18 quarters of coverage to remain insured through December 31, 2001. (AR at 15.) Thus, the ALJ
19 held that Redenius had to establish disability on or before this date he was last insured ("DLI")
20 "in order to be entitled to a period of disability and disability insurance benefits." (*Id.*)

21    The ALJ found that the VA treatment records show that Redenius was in "'overall
22 excellent health,' 'working outdoors,' had no 'severe pain,' and engaged 'in vigorous exercise'
23 throughout the period following his hip replacement surgery in 1989 continuing through the end
24 of his sporadic treatment for minor complaints at the VA, ending on October 1, 2001[.]" (AR at
25 19.) The ALJ noted that the VA sources indicate that Redenius' surgery was "very successful."
26 (*Id.*) The ALJ also noted that there is no evidence that Redenius "sought or received treatment
27 for any significant hip impairment on or before his DLI." (*Id.*) The ALJ pointed out "that in
28 the months prior to the date his insured status expired, [Redenius] was performing significant

2

outdoor physical activities, including mountain climbing and tree cutting." (*Id.*) The ALJ also pointed out that Redenius continued "to work in self employment through 1997 . . . with the credible medical evidence of record showing that [Redenius] continued to enjoy a healthy, vigorous, pain and limitation-free physical capacity through the date of his last treatment with the VA . . . three months before his insured status expired." (*Id.* (citation omitted).) Finally, the ALJ noted that "[o]n September 19, 2000, [Redenius] reported that he was fine and that his hip was 'not bothering him.'" (*Id.* (citation omitted).) Therefore, the ALJ concluded that Redenius was capable of medium work on or before his DLI. (AR at 20.)

"Giving [Redenius] every benefit of doubt," the ALJ found that Redenius was unable to perform his past relevant work as a sales and marketing executive. (*Id.*) However, the ALJ determined that jobs "existed in significant numbers in the national economy that [Redenius] could have performed." (*Id.*) Thus, the ALJ found that Redenius was not disabled at any time from January 1, 1998 through December 31, 2001, his DLI. (AR at 21.) Accordingly, the ALJ denied Redenius's claim. (*Id.*)

Having exhausted his administrative remedies, Redenius commenced this action for judicial review of the ALJ's decision. On November 12, 2011, Rednius brought the instant motion for summary judgment. December 13, 2011, the Commissioner filed a cross-motion for summary judgment.

The Court shall address additional facts as necessary in the remainder of this Order.

## ANALYSIS

Redenius raises three arguments in support of his motion for summary judgment. First, he argues that the ALJ erred in failing to consider any statements by his orthopedic surgeon. Second, he argues that the ALJ erred in failing to properly consider the orthopedic aspect of his medical condition. Third, he argues that the ALJ erred in conducting the vocational analysis.

The Commissioner argues that because Redenius failed to support these arguments with facts and legal authority, he abandoned them. The Commissioner further argues that substantial evidence supports the ALJ's decision.

**A.    Standard of Review.**

3

A federal district court may disturb the Commissioner's final decision only if the decision contains legal error or is not supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). To determine whether substantial evidence exists, the reviewing court looks at the administrative record as a whole, considering both evidence that supports and undermines the ALJ's findings. *Id.* "[W]here the evidence is susceptible to more than one rational interpretation," the reviewing court must uphold the ALJ's decision. *Id.* at 1039-40.

**B.    Legal Standard for Establishing a Prima Facie Case for Disability.**

Disability is "the inability to engage in any substantial gainful activity" because of a medical impairment which can result in death or "which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ applies a five-step sequential evaluation process to determine whether a plaintiff is disabled. *See* 20 C.F.R. § 404.1520. During the first four steps of this sequence, the claimant bears the burden of proof to demonstrate disability, but the burden shifts to the Commissioner at step five "to show that the claimant can do other kinds of work." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009) (quoting *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)).

The five-step analysis proceeds as follows. First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must have a severe impairment. *Id.* § 404.1520(c). Third, if the claimant's impairment meets the duration requirement and meets or equals an impairment listed in Appendix 1 to the regulation (a list of impairments presumed severe enough to preclude work), the claimant will be found disabled without consideration of age, education, or work experience. *See id.* § 404.1520(d). Fourth, if the claimant fails to satisfy step three, the ALJ will assess and make a finding on the claimant's residual function capacity ("RFC"). *Id.* § 404.1520(e). The RFC measurement describes the most an individual can do despite his or her limitations. *Id.* § 404.1545(a)(1). If the claimant has the RFC to perform past relevant work, the claimant will not be found disabled; if not, the

4

ALJ proceeds to step five. *See id.* § 404.1520(f). Fifth, if the claimant is able to adjust to other work in the national economy, the claimant will not be found disabled. *Id.* § 404.1520(g)(1).

**C.     Redenius Abandoned the Issues Raised in His Motion For Summary Judgment.**

The Commissioner argues that because Redenius did not support his contentions with argument or citation to relevant authorities, he abandoned them. The Federal Rules require that a brief contain "the contentions of the appellant with respect to the issues presented, and the reasons therefore, with citations to the authorities, statutes and parts of the record relied on." Fed. R. App. P. 28(a)(4). "Issues raised in a brief which are not supported by argument are deemed abandoned" and the Court may only review them if failure to do so would result in manifest injustice. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A *pro se* plaintiff is not exempt from the requirement that a brief be supported by argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992); *see also Ghazali v. Moran*, 46 F.3d, 52, 54 (9th Cir. 1995) (noting that *pro se* litigants are bound by the rules of procedure). Redenius' motion lacks legal arguments to support his contention that the ALJ erred in finding him not disabled. Furthermore, his contentions are unsupported by any citation to evidence in the record. Therefore, Redenius abandoned the issues he seeks to assert in his appeal.

**D.     Substantial Evidence in the Record Supports the ALJ's Decision.**

Even had Redenius not abandoned the issues raised in his motion, Redenius' assertion that the ALJ erred in finding him not disabled is without merit. Substantial evidence supports the ALJ's determination.

**1.     The ALJ Did Not Err in Failing to Consider Evidence From Redenius' Orthopedic Surgeon.**

Redenius argues that the ALJ erred in failing consider testimony of Redenius' orthopedic surgeon. The ALJ must base his decision on the evidence in the record before him. *See, e.g.*, *Andrews*, 53 F.3d at 1039-40. Redenius did not present any testimony, medical

5

records, or other evidence from his orthopedic surgeon.[1] Redenius had an opportunity after his hearing to submit further evidence in support of his claim and did not do so. (AR at 19.) Thus, the ALJ did not err in failing to consider evidence from Redenius' orthopedic surgeon because there is no such evidence in the record.

### 2. The ALJ Did Not Err in Evaluating the Medical Evidence Regarding the Orthopedic Aspect of Redenius' Alleged Impairments.

Redenius argues that the ALJ erred in evaluating his claim because the ALJ "only considered a small part of [Redenius'] overall medical condition," and did not focus sufficiently on "the orthopedic aspect," *i.e.*, his alleged "hip and back disability[.]" (Plaintiff's Motion ("Mot.") at 1.) An ALJ's decision must be based on the whole record. *See Andrews,* 53 F.3d at 1039. The ALJ considered diagnostic studies dated September 1999 regarding degenerative changes to Redenius' hip and spine. (AR at 18.) The ALJ noted that Redenius' hip replacement surgery in 1989 "was very successful[.]" (AR at 19.) The ALJ also noted that there "is no evidence that [Redenius] sought or received treatment for any significant hip impairment on or before his DLI." (*Id.*) Finally, the ALJ pointed to ample evidence that Redenius was capable of vigorous physical activity on or before the DLI. (AR at 18-19.) Thus, the ALJ considered Redenius' hip and back impairments, but did not find that such impairments were disabling. There is sufficient evidence to support the ALJ's conclusion. Accordingly, the ALJ did not err.

### 3. The ALJ Did Not Err in Performing the Vocational Analysis.

Redenius argues that the ALJ erred in performing the vocational analysis because the vocational counselor "never understood what [Redenius] did as a career" and "provided alternatives which had nothing to do with [Redenius'] past" work experience. (Plaintiff's Mot. at 1.) Redenius appears to misunderstand what is required to support a finding that he is disabled. "Once a claimant has established that he or she suffers from a severe impairment that

---

[1] The ALJ noted that Redenius "had a hip revision surgery in 2004, which is not evidenced in the record[.]" (AR at 19.) At the hearing before the ALJ, Redenius asserted that this revision surgery was performed by his orthopedic surgeon. (AR at 171-74.) However, Redenius failed to provide any evidence related to the surgery.

prevents the claimant from doing any work he or she has done in the past, the claimant has made a prima facie showing of disability." *See Tackeet v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). However, a mere inability to perform past work is insufficient to support a finding of disability. If, at step five in the disability analysis, the Commissioner demonstrates that "the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience," then the claimant does not qualify for disability benefits. *Id.* (citing 20 C.F.R. § 404.1560(b)(3)). The Commissioner may meet this burden in two ways: (1) by the testimony of a vocational expert, or (2) by reference to the Medical-Vocational Guidelines. *See Tackett*, 180 F.3d at 1101 (citing 20 C.F.R. pt. 404, subpt. P, app. 2). When a claimant is "able to perform the *full range* of jobs in a given category, i.e., sedentary work, light work, or medium work[,]" the ALJ may apply the Medical-Vocational Guidelines to determine whether the claimant could perform work that exists in significant numbers in the national economy and is therefore not disabled.[2] *See Tackett*, 180 F.3d at 1101 (emphasis in original).

Here, "[g]iving [Redenius] every benefit of doubt," the ALJ found that he was unable to perform his past relevant work as a sales and marketing executive. (AR at 20.) However, the ALJ also determined that Redenius had the RFC for the full range of medium work. Based on this RFC, the ALJ concluded that through Redenius' DLI, considering his age, education and work experience, a finding of "not disabled" was directed by Medical-Vocational Rule 203.15. (AR at 21.) Medical Vocational Rule 203.15 dictates a finding of "not disabled" for a claimant with an RFC for the full range of medium work who is of "[a]dvanced age[,]" is a "[h]igh school graduate or more[,]" and has previous work experience that is "[s]killed or semiskilled - skills not transferrable." 20 C.F.R. pt. 404, subpt. P, app. 2. Redenius fails to show that the

---

[2]"The Medical–Vocational Guidelines are a matrix system for handling claims that involve substantially uniform levels of impairment." *Tackett*, 180 F.3d at 1101. The matrix consists of a grid presenting "combinations of factors relevant to a claimant's ability to find work." *Id.* The factors "are the claimant's age, education, and work experience." *Id.* For various combinations "of these factors, e.g., fifty years old, limited education, and unskilled work experience, the grids direct a finding of either 'disabled' or 'not disabled' based on the number of jobs in the national economy in that category of physical-exertional requirements." *Id.*

7

ALJ erred in applying Medical-Vocational Rule 203.15. Therefore, the ALJ did not err in finding that there were a significant number of jobs Redenius could perform and that he was therefore not disabled.

## CONCLUSION

For the foregoing reasons, the Court DENIES Redenius' motion for summary judgment and GRANTS the Commissioner's cross-motion for summary judgment. A separate judgment shall issue, and the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: August 6, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

RANDY REDENIUS,

        Plaintiff,

  v.

MICHAEL J. ASTRUE et al,

        Defendant.

Case Number: CV11-03400 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 6, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Randy Redenius
967 Church Street
San Francisco, CA 94114

Dated: August 6, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk